**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| **BLOOMBERG L.P.,** | ) |
| | ) |
| **Plaintiffs**, | ) |
| | ) |
| v. | ) |
| | ) |
| **NATIONAL ARCHIVES AND RECORDS** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

**COMPLAINT**

1. Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to compel Defendant NATIONAL ARCHIVES AND RECORDS ADMINISTRATION to discharge its obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including by conducting a reasonable search, issuing a determination, and producing records referencing the April 1, 2026 Justice Department Office of Legal Counsel memo, "Constitutionality of the Presidential Records Act," which deems the Presidential Records Act unconstitutional, and related documents.

**PARTIES**

2. Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3. Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio,

streaming video, print, and live events. BLOOMBERG L.P. is headquartered in this judicial district and is one of the FOIA requesters in this case.

4. Defendant NATIONAL ARCHIVES AND RECORDS ADMINISTRATION ("NARA") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

**JURISDICTION AND VENUE**

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is premised on place of business and is proper under 5 U.S.C. § 552(a)(4)(B).

**APRIL 6, 2026 FOIA REQUEST TO NARA**

7. On April 6, 2026, Plaintiffs submitted a FOIA request to NARA seeking the following records:

> This is a request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. This request should be considered under both statutes to maximize the release of records. I request disclosure from the National Archives and Records Administration the following records:
>
> 1. Emails (including attachments), memos, letters, directives, Microsoft Teams messages, slide decks, instructional manuals, standard operating procedures, final NARA legal guidance or final NARA legal opinions referencing the April 1, 2026 Justice Department Office of Legal Counsel memo, "Constitutionality of the Presidential Records Act,["] which deems the Presidential Records Act unconstitutional, and its legal conclusions.
>
> 2. The same types of records described in part 1 related to Nara's implementation and interpretation of the OLC memo.
>
> 3. Guidance, instructions, analysis NARA sent to presidential libraries and archivists referencing the OLC memo and how the OLC memo should be interpreted by the libraries and archivists when processing FOIA requests for presidential records.
>
> 4. Emails, memos, letters, between NARA and the Department of Justice Office of Information Policy and the Office of Legal Counsel, referencing or related to the OLC memo.

> 5. Communications to/from the White House or Executive Office of the President referencing the OLC memo or its implementation.
>
> 6. The same types of records described in part 1 reflecting any changes to policies, procedures, or guidance related to presidential records since the public disclosure of the April 1, 2026 OLC memo.
>
> 7. The same types of records described in part 1 assessing the risks to the preservation of presidential records since the OLC memo was publicly disclosed.
>
> 8. The same types of records described in part 1 discussing the destruction or potential destruction of presidential records since the OLC memo was issued.
>
> 9. The same types of records described impart 1 reflecting the impact of the OLC on NARA's operations and its budget, including at the Office of Presidential Libraries. Suggested search terms should included, but are not limited to,: "Presidential Records Act," "PRA unconstitutional," "OLC memo," "records preservation," "NARA authority," "executive records," "records retention risk," "Trump presidential records," Please search the Offices of the Archivist, Deputy Archivist, General Counsel and the Office of Presidential Libraries, Office of Government Information Services, Office of the Chief Records Officer for the U.S. Government, any NARA liaisons to the White House. The timeframe for the search is March 1, 2026 through the date the search for responsive records is completed. Reasonably Foreseeable Harm. The FOIA Improvement Act of 2016 amended the FOIA as follows (5 USC 552(a)(8)): (A) An agency shall— (i) withhold information under this section only if— (I)the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b); or (II)disclosure is prohibited by law; and (ii) (I) consider whether partial disclosure of information is possible whenever the agency determines that a full disclosure of a requested record is not possible; and (II) take reasonable steps necessary to segregate and release nonexempt information. . . . NARA should not fail to meet the requirements of Section 552(a)(8) when processing my request and release responsive records to me in full or at least in part.

8. A true and correct copy of the FOIA request, along with subsequent correspondence, is attached as Exhibit 1.

9. On April 7, 2026, NARA acknowledged receipt of the FOIA request and assigned reference number NGC26-369 to the matter. *Id*.

10. On May 4, 2026, NARA stated the request fell within one of the "unusual circumstances" categories and sought an extension for ten working days.

11. A true and correct copy of the extension letter is attached as Exhibit 2.

12. On June 3, 2026, Plaintiffs sought an estimated date of completion for the request. Ex 1.

13. NARA did not send any further correspondence to Plaintiffs regarding this request.

14. As of the date of this filing, NARA has not issued a determination on Plaintiffs' request.

15. As of the date of this filing, NARA has failed to make any responsive records promptly available to Plaintiffs.

**COUNT I – NARA'S FOIA VIOLATION**

16. Paragraphs 1-15 are incorporated by reference.

17. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

18. Defendant NARA is a federal agency subject to FOIA.

19. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

20. Defendant NARA has failed to conduct a reasonable search for records responsive to the request.

21. Defendant NARA has failed to issue a determination within the statutory deadline.

22. Defendant NARA has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i. declare that Defendant has violated FOIA;

ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

iii. enjoin Defendant from withholding non-exempt public records under FOIA;

iv. award Plaintiffs attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: August 3, 2026

RESPECTFULLY SUBMITTED,

*/s/ Stephen Stich Match*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic (*pro hac vice* forthcoming)
Merrick Wayne (*pro hac vice* forthcoming)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

Stephen Stich Match (5567854)
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
foia@loevy.com